UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENITO PEREZ LOPEZ, | ) | Case No. SACV 15-57 ODW(JC) |
| Petitioner, | ) ) | |
| v. | ) ) ) | ORDER DENYING PETITION FOR AN EMERGENCY STAY OF REMOVAL AND DISMISSING ACTION |
| JEH JOHNSON, et al., | ) ) | |
| Respondents. | ) ) | |

## I. SUMMARY

On January 14, 2015, Benito Perez Lopez ("petitioner"), who is represented by counsel in this action, filed an unverified Petition for an Emergency Stay of Removal ("Petition") with exhibits ("Petition Ex."), essentially seeking an order directing respondents to stay his removal from the United States pending further proceedings.

On January 15, 2015, respondents filed an opposition to the Petition ("Opposition") with exhibits ("Opp. Ex."), arguing that the Petition should be dismissed because this Court lacks subject matter jurisdiction pursuant to the Real ID Act and because the Petition is moot as petitioner was removed from the United States on January 14, 2015.

For the reasons discussed below, the Petition is denied and this action is dismissed.

## II. BACKGROUND

Petitioner is a native and citizen of Mexico who last entered the United States in or about March 1989. (Petition at 5; Opp. Ex. 1 at 1).

Removal proceedings were originally initiated against petitioner in August 2001. (Opp. Ex. 1 at 5). An immigration judge found him removable and granted him a voluntary departure for the period of October 6, 2005 to December 4, 2005. (Petition Ex. 3; Opp. Ex. 1 at 5). He appealed to the Board of Immigration Appeals ("BIA") on October 28, 2005. (Opp. Ex. 1 at 5). The BIA dismissed the appeal on March 15, 2007 and granted petitioner a voluntary departure to sixty (60) days from the date of such order. (Opp. Ex. 1 at 5). He thereafter apparently made multiple other unsuccessful attempts to pursue immigration relief, including filing a motion to reopen with the BIA and filing five petitions with the United States Court of Appeals for the Ninth Circuit appealing BIA actions. (Opp. Ex. 1 at 5).[1] As of at least June 9, 2014, a final removal order was in place. (Opp. Ex. 3).

Meanwhile, on February 21, 2014, petitioner's son filed an I-130 visa petition for petitioner which was approved on March 18, 2014, and is apparently currently being processed by the Department of State National Visa Center. (Petition Ex. 5).

---

[1] PACER reflects that petitioner filed five actions in the Ninth Circuit in Case Nos. 07-73618 (an appeal from a BIA action which was denied in part and dismissed in part), 09-73622 (an appeal from a BIA action which was dismissed for lack of jurisdiction), 10-71170 (an appeal from a BIA action, affirming the BIA's denial of a motion to reopen based on ineffective assistance of counsel as untimely), 12-71477 (an appeal from a BIA action which was denied for lack of jurisdiction) and 12-73245 (an appeal from a BIA action which was dismissed for failure to respond to an order to show cause for lack of jurisdiction).

1  On September 19, 2014, petitioner through counsel, requested that the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") exercise prosecutorial discretion to join in a motion to reopen his case. (Petition Ex. 1 at 1-3). On November 5, 2014, ICE denied such request. (Petition Ex. 2).

On November 21, 2014, petitioner was convicted of driving under the influence for which he had been arrested on July 4, 2014. (Opp. Ex. 1 at 5). Such offense appears to qualify as a "significant misdemeanor" for immigration purposes. (Opp. Ex. 1 at 7).

On January 14, 2015, petitioner was arrested on a warrant of removal/ deportation based upon a final order by the BIA and left this country on foot. (Opp. Ex. 1 at 1-2).

**III. DISCUSSION**

Petitioner appears to argue that the Court should issue an emergency stay because (1) the National Visa Center is currently processing the visa for him resulting from his son's above-referenced I-130 application that was approved in March 2014; and (2) he will likely qualify for the "Deferred Action program" announced by the President on November 20, 2014 which will not "officially start" until May 5, 2015. (Petition at 2). He claims that this Court has jurisdiction because he assertedly has been "deprived of his right to have his immigration status adjudicated and corrected under the relevant statutes, laws and case interpretations of the United States" due to the asserted fraud/incompetence of petitioner's lawyers/advisors and due to respondents' assertedly incorrect assessment that his prior conviction qualifies as a "significant misdemeanor" so as to disqualify him from eligibility for the anticipated Deferred Action program. He claims he is entitled to the requested stay pursuant to 28 U.S.C. § 2241, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Declaratory Judgment

///

Act, 22 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. §§ 28, 1651. (Petition at 3-4, 8).

Respondents argue that (1) this Court lacks subject matter jurisdiction pursuant to the Real ID Act; and (2) the case is moot since petitioner was removed from the United States on January 14, 2015.

This Court agrees with respondents and accordingly denies the Petition and dismisses this action.

### A. This Court Lacks Subject Matter Jurisdiction Over This Action

On May 11, 2005, Congress enacted the REAL ID Act (the "Act") which stripped district courts of habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. See 8 U.S.C. § 1252(a)(5). Specifically, Section 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Further, Subsection (b)(9) of Section 1252 provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory

provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

The Act made the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005).

Here, as the above-referenced procedural history indicates, the order of removal, which petitioner has challenged through multiple unsuccessful motions/appeals, is final. Accordingly, this Court lacks jurisdiction to consider a Petition challenging or seeking to stay petitioner's removal, and the Petition should be dismissed. See Momeni v. Chertoff, 521 F.3d 1094, 1095-96 (9th Cir. 2008) (district court correctly determined that it did not have jurisdiction over challenge to removal order filed after effective date of REAL ID Act); Iasu v. Smith, 511 F.3d 881, 888 (9th Cir. 2007) (REAL ID Act eliminated all district court habeas jurisdiction over orders of removal); De Leon v. Napolitano, 2009 WL 4823358, *2-*3 (N.D. Cal. Dec. 10, 2009) (district court without jurisdiction to issue order staying execution of removal order); Mejia-Espinoza v. Mukasey, 2009 WL 235625, *3 (C.D. Cal. Jan. 27, 2009) (same). This remains true even though, as suggested by the above, petitioner has attempted to frame his action as one arising under statutes beyond those involving habeas petitions (*e.g.*, the Administrative Procedures Act). See Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012) (rejecting petitioner's efforts to characterize complaint as asserting independent claims under Administrative Procedure Act; describing such as simply another

effort to obtain judicial review of removal order as to which district court lacked jurisdiction under Real ID Act).

### B. This Action Is Moot

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)); see also Murphy v. Hunt ("Hunt"), 455 U.S. 478, 481 (1982) (per curiam) ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citations and internal quotation marks omitted). Mootness is a threshold jurisdictional issue. St. Paul Fire & Marine Insurance Co. v. Barry, 438 U.S. 531, 537 (1978); North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam); United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007), cert. denied, 552 U.S. 1188 (2008). The burden of demonstrating mootness is a heavy one. Los Angeles County v. Davis, 440 U.S. 625, 631 (1979); West v. Secretary of the Department of Transportation, 206 F.3d 920, 924-25 (9th Cir. 2000).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Here, as best the Court can determine, petitioner appears to have filed the Petition seeking an emergency stay a few hours before petitioner was removed to Mexico.

"Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." Abdala v. Immigration & Naturalization Service, 488 F.3d 1061, 1063 (9th Cir. 2007), cert. denied, 552 U.S. 1267 (2008). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Id. at 1064; see also Handa v. Clark, 401 F.3d 1129, 1132 (9th Cir. 2005) ("[B]ecause Handa's petition for a writ of habeas corpus was filed before his physical removal and because there are collateral consequences as a result of that removal, jurisdiction remains." (footnote omitted)). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Abdala, 488 F.3d at 1064.

Here, the Petition seeks only a stay of petitioner's removal. However, since petitioner has already been removed from the United States and has been released from custody, there is no effective relief this Court may provide him, rendering the Petition moot. See Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide.").

Nor does this case qualify under the "capable of repetition, yet evading review" exception to mootness, which "applies only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Spencer, 523 U.S. at 17 (citations and internal quotation marks omitted); Hunt, 455 U.S. at 482. "Under the 'capable of repetition' prong of the exception to the mootness doctrine, [petitioner has] the burden of showing that there is a reasonable expectation that [he] will once again

be subjected to the challenged activity." Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983). Petitioner cannot do so. Petitioner has been removed from the United States. There is simply no reasonable expectation that petitioner will again face removal proceedings.[2] Spencer, 523 U.S. at 18; Hunt, 455 U.S. at 481-82; cf. G.S. v. Holder, 373 Fed. Appx. 836, 844 & n.5 (10th Cir. 2010) (challenge to continued detention was moot when petitioner was released from immigration authorities custody and no mootness exception applied); Dellaguardia v. Gonzales, 2007 WL 2155719, *3 & n.4 (W.D. Wash. July 23, 2007) (finding habeas corpus petition challenging petitioner's detention by immigration authorities moot when petitioner was no longer in custody of such authorities, and rejecting petitioner's argument that his situation was "capable of repetition, yet evading review" since "petitioner's contention that he may be detained and subject to removal proceedings again is based on a mere theoretical possibility, not a 'reasonable expectation' or 'demonstrated probability.'").

Accordingly, dismissal of the Petition based on mootness is also appropriate. Abdala, 488 F.3d at 1065.

## IV. CONCLUSION

In light of the foregoing, the Petition is denied and this action is dismissed.

IT IS SO ORDERED.

DATED: January 23, 2015

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[2]Even if petitioner might again illegally enter the United States and again be subject to removal proceedings, this is insufficient to invoke the "capable of repetition" exception since, among other reasons, this Court must assume petitioner will conduct his activities within the law and so avoid such a scenario. Spencer, 523 U.S. at 15; O'Shea v. Littleton, 414 U.S. 488, 497 (1974).

8